UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Beckwith Builders, Inc.,
    Plaintiff

    v.                                          Civil No. 04-cv-282-SM
                                                Opinion No. 2006 DNH 107
William Depietri;
Beth Depietri;
Wood & Clay, Inc.;
Battle Associates, Inc.;
R.C. Searles Associates, Inc.;
Margulies & Associates, Inc.;
and Lakeshore Realty Trust,
    Defendants


**O R D E R**


Beckwith Builders, Inc. ("Beckwith") has sued a variety of defendants, including R.C. Searles Associates, Inc. ("Searles"), under a variety of legal theories.  Based upon a contemporaneous order (document no. 157), the only claim remaining against Searles is Count I, Beckwith's claim of copyright infringement. Before the court is Searles' motion to dismiss for lack of personal jurisdiction.  Beckwith objects.  For the reasons given, Searles' motion is granted.


Searles is an architectural firm located in Marlborough, Massachusetts.  According to Searles, this court lacks personal jurisdiction over it because it is a non-resident defendant, and

it does not have sufficient minimum contacts with New Hampshire, thus making the exercise of personal jurisdiction inconsistent with the constitutional requirement of due process.

### Principles of Personal Jurisdiction

In the face of Searles' challenge, Beckwith has "the burden of persuading the court that jurisdiction exists." Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (quoting Mass. Sch. of Law, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)).  Furthermore, as the court of appeals for this circuit has explained:

> "[P]laintiffs may not rely on unsupported allegations in their pleadings," Boit [v. Gar-Tec Prods., Inc.], 967 F.2d [671,] 675 [(1st Cir. 1992)], but are "obliged to adduce evidence of specific facts," Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995).  We, in turn, take those "specific facts affirmatively alleged by the plaintiff[s] as true . . . and construe them in the light most congenial to the plaintiff[s'] jurisdictional claim." Mass. Sch. of Law, 142 F.3d at 34.  We also "add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." Id.

Platten, 437 F.3d at 134.  When, as here, the court resolves the issue of personal jurisdiction based upon written submissions, the plaintiff must only make a prima facie showing of jurisdiction.  See Boit, 967 F.2d at 674-75; Kowalski v. Doherty,

Wallace, Pillsbury & Murphy, Attys. at Law, 787 F.2d 7, 8 (1st Cir. 1986).

Because subject matter jurisdiction in this case arises from a federal statute rather than diversity of citizenship, "the constitutional limits of the court's personal jurisdiction are fixed . . . not by the Fourteenth Amendment but by the Due Process Clause of the Fifth Amendment." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001) (quoting United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992)). "[U]nder the Fifth Amendment, a plaintiff need only show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state." Swiss Am. Bank, 274 F.3d at 618 (citation omitted). Even so, "the plaintiff must still ground its service of process in a federal statute or civil rule." Id. (citation omitted).

"The Copyright Act, 17 U.S.C. § 101 et seq., does not provide for nationwide service of process." Fort Knox Music, Inc. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000) (citing Janmark, Inc. v. Reidy, 132 F.3d 1200, 1201 (7th Cir. 1997)). Thus, Beckwith's service of process on Searles must comport with Rule 4 of the Federal Rules of Civil Procedure, under which

service may be accomplished "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State."  FED. R. CIV. P. 4(e)(1).  In other words, when ruling on a copyright defendant's challenge to personal jurisdiction, "a federal court applies the forum state's personal jurisdiction rules . . . ."  Fort Knox Music, 203 F.3d at 196 (quoting PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997)) (other citations omitted).

The "long-arm" provision of New Hampshire's personal jurisdiction statute provides:

> Any person who is not an inhabitant of this state and who, in person or through an agent, transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

N.H. REV. STAT. ANN. § 510:4, I.  That statute has been construed by the New Hampshire Supreme Court "to provide jurisdiction over foreign defendants to the full extent that the statutory language

and due process will allow." Phelps v. Kingston, 130 N.H. 166, 171 (1987) (citations omitted).

Due process requires that "a defendant must have sufficient minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Platten, 437 F.3d at 135 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (internal quotation marks and citation omitted). In turn:

> The "minimum contacts" standard has three requirements:
>
>> For specific jurisdiction, the plaintiff's claim must be related to the defendant's contacts. For general jurisdiction, in which the cause of action may be unrelated to the defendant's contacts, the defendant must have continuous and systematic contacts with the state. Second, for either type of jurisdiction, the defendant's contacts with the state must be purposeful. And third, the exercise of jurisdiction must be reasonable under the circumstances.
>
> Harlow [v. Children's Hosp.], 432 F.3d [50,] 57 [(1st Cir. 2005)]; see also Cambridge Literary Props. Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg., 295 F.3d 59, 63 (1st Cir. 2002); Noonan v. Winston Co., 135 F.3d 85, 89 (1st Cir. 1998).

Platten, 437 F.3d at 135. "For specific jurisdiction, this circuit divides the constitutional analysis into three categories: relatedness, purposeful availment, and

reasonableness."  Id. (quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 60 (1st Cir. 2002)).

## Discussion

Beckwith asserts that this court has specific jurisdiction over Searles because Searles drafted a set of architectural plans for Depietri knowing that Depietri intended to use those plans to build a house in New Hampshire, which, in Beckwith's view, made Searles' conduct a tortious act committed in New Hampshire.  The relevant facts, properly established by deposition or otherwise, are these: (1) William Depietri, who was a regular client of Searles, approached Searles with "a variety of different designs" and asked Ron Searles to design a house based upon those designs; (2) Mr. Searles understood that the drawings he was asked to produce were for a house to be built in New Hampshire; (3) Searles produced a set of drawings for which it was paid between $600 and $1,500; (4) Searles never produced a set of final construction plans from which a house could have been built; (5) Depietri took Searles' work to a second architect, Margulies & Associates, and had Margulies create a second set of plans; (6) Depietri took Margulies' work to a third architect, Battle Associates, and had Battle create a third set of plans; and (7) Depietri's builder, Wood & Clay, used the Battle plans to build

the Clark Road home.  It is undisputed that Ron Searles never came to New Hampshire in connection with the Clark Road project.  And Beckwith has produced no evidence that Depietri ever provided Searles with plans for the Cedar Cove home in a format that indicated they were the property of a New Hampshire corporation.

According to Beckwith, the foregoing facts are sufficient to establish relatedness, purposeful availment, and reasonableness.  Searles disagrees, categorically.

A. Relatedness

Beckwith relies upon the tortious-act aspect of New Hampshire's long-arm reach, under which it "must show a sufficient 'causal nexus' between [Searles'] contacts with New Hampshire and [its] cause of action."  Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1, 7 (1st Cir. 2002) (quoting Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 289 (1st Cir. 1999)).

> To satisfy the relatedness prong of the constitutional inquiry in a tort case,
>
> > [t]he evidence produced to support specific jurisdiction must show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts.  The relatedness requirement is not an open door; it is

> closely read, and it requires a showing of a
> material connection.  This court "steadfastly
> reject[s] the exercise of personal jurisdiction
> whenever the connection between the cause of
> action and the defendant's forum-state contacts
> seems attenuated and indirect."  "Instead, the
> defendant's in-state conduct must form an
> 'important, or [at least] material, element of
> proof' in the plaintiff's case."  A broad "but-
> for" argument is generally insufficient . . . .
> "[D]ue process demands something like a 'proximate
> cause' nexus."
>
> Harlow, 432 F.3d at 60-61 (citations omitted) (quoting
> Pleasant St.[], 960 F.2d at 1089; Cambridge Literary
> Props., 295 F.3d at 65); see also Phillips Exeter
> Acad., 196 F.3d at 289.

Platten, 437 F.3d at 137.  In addition, it is well established in this circuit that "in-forum effects of extra-forum activities [do not] suffice to constitute minimum contacts."  Mass. Sch. of Law, 142 F.3d at 36 (citing Sawtelle v. Farrell, 70 F.3d 1381, 1390 (1st Cir. 1995); Kowalski, 787 F.2d at 11).

While Beckwith recognizes that the act of infringement it alleges against Searles – copying the plans for the Cedar Cove home – occurred in Massachusetts, it argues that in copyright infringement cases, courts have often asserted personal jurisdiction over defendants who committed infringing acts out of state, while knowing that their acts would have consequences in the forum state.  The cases cited by Beckwith all involve a

factor missing in this case: an act by the defendant directed toward the forum state.  In Walker v. University Books, Inc., 382 F. Supp. 126 (N.D. Cal. 1974), a New York publisher sold copies of its allegedly infringing book in the forum state, California. Id. at 127.  In Edy Clover Productions, Inc. v. National Broadcasting Co., 572 F.2d 119 (3d Cir. 1978), an allegedly infringing television program, created by a California television producer for nationwide broadcast, was broadcast into the forum state, New Jersey.  Id. at 120.  And in Donner v. Tams-Witmark Music Library, Inc., 480 F. Supp. 1229 (E.D. Pa. 1979), a New York music licensor granted the plaintiff the right to perform a copyrighted musical work in the forum state, Pennsylvania, and then consented to an allegedly infringing performance by a third party, also in Pennsylvania.  Id. at 1230-31.

   Walker, Edy Clover, and Donner all involved acts by out-of-state defendants targeted at the forum states: a New York publisher selling books in California; a California television producer creating a program for national broadcast, including broadcast into New Jersey; and a New York licensing concern granting permission for a performance in Pennsylvania.  Here, by contrast, a Massachusetts firm produced a set of drawings for another Massachusetts resident whose only relevant connection

9

with New Hampshire was his intention, at some point in the future, to build a house on the shore of the state's largest lake.

Moreover, in Walker, Edy Clover, and Donner, more than just the right of reproduction was at issue; in those cases, the out-of-state defendants were alleged to have been involved in infringing the plaintiffs' rights of distribution and/or performance by selling copies or facilitating performances within the forum state.  Here, by contrast, Beckwith has alleged only that Searles violated its exclusive right to reproduce its copyrighted works, and that Searles' infringing act was its creation of a set of architectural plans.  In short, the evidence adduced by Beckwith does not demonstrate that Searles had any contact with New Hampshire.  Rather, the evidence shows only that Searles had contact with Depietri, who was not in New Hampshire at any relevant time, but only thinking about someday building a house in the state.

Finally, while Beckwith makes much of Searles' knowledge that Depietri planned to build a house in New Hampshire, it does not explain the legal significance of that knowledge.  If Searles did copy Beckwith's architectural plans or its architectural

work, the act of infringement was fully completed in Massachusetts; the subsequent construction of the Clark Road home is immaterial to Searles' liability as a copier.  In other words, Searles' knowledge of Depietri's future plans in New Hampshire – the only New Hampshire-related fact demonstrated or alleged by Beckwith – is not "an 'important, or [at least] material, element of proof'" in Beckwith's copyright infringement claim against Searles.  Platten, 437 F.3d at 137 (citations omitted).

   Because Beckwith has not demonstrated that Searles had any contact with New Hampshire, and because the New Hampshire effects, if any, of Searles' alleged Massachusetts copying do not establish that Searles had contact with New Hampshire, Beckwith has failed to make a showing of relatedness.  Where a plaintiff fails to satisfy the relatedness requirement by failing to demonstrate any contact between the out-of-state defendant and the forum state, personal jurisdiction is improper, and a purposeful availment analysis is unnecessary, if not impossible, given that the point of such an analysis is to evaluate the quality of a defendant's contacts with the forum state.  See Platten, 437 F.3d at 138 (ending personal jurisdiction analysis after determining that plaintiff failed to satisfy relatedness requirement); Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 207

(1st Cir. 1994) (recognizing the possibility of situations in which "a court may . . . dismiss a given case for lack of relatedness per se).

B. Purposeful Availment

Assuming, for the purposes of this analysis, that Searles' dealings with Depietri did qualify as contacts with New Hampshire related to Beckwith's cause of action, Beckwith is still unable to demonstrate purposeful availment. To establish that prerequisite to jurisdiction, Beckwith must show that Searles' New Hampshire "contacts . . . represent a purposeful availment of the privilege of conducting activities in [New Hampshire], thereby invoking the benefits and protections of [this] state's laws and making the defendant's involuntary presence before the state's courts foreseeable." Daynard, 290 F.3d at 61 (quoting Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995)). "The function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state." Sawtelle, 70 F.3d at 1391 (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1980)). "The cornerstones upon which the concept of purposeful

availment rests are voluntariness and foreseeability." <u>Daynard</u>, 290 F.3d at 61 (citation omitted).

### 1. Voluntariness

The voluntariness aspect of the purposeful availment inquiry is a protection against resting jurisdiction "on the 'unilateral activity of another party or a third person.'" <u>Ticketmaster</u>, 26 F.3d at 208 (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985)).

Here, it is <u>only</u> the activity of a third person – or the contemplated activity of a third person – that connects Searles to New Hampshire.  There is no evidence that Searles solicited Depietri's business, much less any business in New Hampshire related to Beckwith's claims in this case.  Rather, the deposition evidence shows that Depietri approached Searles in Massachusetts, and did so on the basis of a longstanding business relationship conducted wholly outside New Hampshire.

Thus, Searles is somewhat analogous to the defendant in <u>Ticketmaster</u>, a California resident sued for defamation in Massachusetts for comments he made in an unsolicited interview with a Massachusetts reporter.  In <u>Ticketmaster</u>, the court of

13

appeals characterized the plaintiff's showing on voluntariness as "dubious."  Id. at 208.  The out-of-forum defendant in this case, however, has not been shown to have spoken with anyone in New Hampshire, making the argument for voluntariness even more dubious than in Ticketmaster.  Sawtelle is to similar effect.  In that case, the court of appeals held that "voluntariness" was not present in a legal malpractice suit brought in New Hampshire against a Florida law firm that had previously brought suit in Florida for the New Hampshire malpractice plaintiff.  Id. at 1391-92.  Again, this case lacks even the key element present in both Ticketmaster or Sawtelle: contact between the out-of-state defendant and a forum-state resident.

When Searles performed its work for Depietri, Depietri was not a New Hampshire resident; he was Massachusetts resident thinking about building a New Hampshire residence.  Beckwith has produced no evidence to suggest that Searles had any control over Depietri's choice of where to build.  That Depietri was thinking about New Hampshire, and even sharing his thoughts with Searles, is not enough to establish that Searles voluntarily took advantage of the opportunity of conducting business in New Hampshire.  The evidence brought forth by Beckwith includes nothing that shows any voluntary action on Searles' part that

14

would serve to establish the jurisdiction of a New Hampshire court over him.

### 2. Foreseeability

The foreseeability aspect of the purposeful availment inquiry requires that "a defendant's 'conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there.'" Ticketmaster, 26 F.3d at 207 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "The enforcement of personal jurisdiction over a non-resident defendant is foreseeable when that defendant has established a continuing obligation between itself and the forum state." Sawtelle, 70 F.3d at 1393 (citing Burger King, 471 U.S. at 476; Travelers Health Ass'n v. Virginia, 339 U.S. 643, 648 (1950)).

Searles' drafting of a set of plans for a Massachusetts resident, even if that Massachusetts resident intended to use those plans to construct a house in New Hampshire, did not establish a continuing obligation between Searles and New Hampshire. It is undisputed that the Searles plans were far too preliminary to be used for construction; any construction was at least one set of plans down the line from the ones Searles

15

produced, and construction itself was in Depietri's hands.  Thus, Searles did nothing to establish an ongoing obligation between itself and New Hampshire.

In short, Depietri's intention to build a house in New Hampshire, using a set of construction plans based upon the preliminary plans drafted by Searles, was not enough to give Searles a reasonable anticipation of being haled into court in New Hampshire.  This is especially so given that no Searles employee has been shown to have known of the New Hampshire origins of the plans allegedly copied by Searles, and given the legal insignificance of the location in which Depietri elected to build his house, in the context of Beckwith's copyright infringement claim.

### C. Reasonableness

Because Beckwith has not satisfied either the relatedness requirement or the purposeful availment requirement, there is no need to undertake a reasonableness analysis.  See Phillips Exeter, 196 F.3d at 288 ("if the proponent's case clears the first two hurdles [relatedness and purposeful availment], the court then must analyze the overall reasonableness of an exercise of jurisdiction") (emphasis added); see also Platten, 437 F.3d at

16

138 (ending personal jurisdiction analysis after determining that plaintiff failed to meet relatedness requirement). Where, as here, plaintiff has demonstrated neither relatedness nor purposeful availment, it would necessarily be unreasonable to exercise personal jurisdiction over an out-of-state defendant such as Searles.

## Conclusion

For the reasons given, Searles' motion to dismiss for lack of personal jurisdiction (document no. 72) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 15, 2006

cc:  Paul M. Monzione, Esq.
     V. Richards Ward, Jr., Esq.
     William M. Pezzoni, Esq.
     Ann M. Dirsa, Esq.
     Michael J. Persson, Esq.
     Douglas Marrano, Esq.
     Jay S. Gregory, Esq.
     Jeffrey L. Alitz, Esq.